JOHN VASCONCELLOS *et al.*, Plaintiffs in Error, *v.* MATHIAS FERRARIA *et al.*, Defendants in Error.

ERROR TO MORGAN.

The usages of a church, or the law of its organization as a religious society, if they are to be considered in deciding legal controversies, should be proved as facts. In the absence of testimony, it will be presumed that religious societies cannot dissolve their connection with the principal organization without permission.

THE facts, as shown in this case, are similar to those reported in volume twenty-three of these Reports, page 456, between the same parties; except that in this case, the plaintiffs in error offered, on the hearing, this additional proof, viz.:

*Edward McMillan, Wm. D. Sanders, Wm. G. Gallaher*, and *George I. King*, testified, that they were acquainted with the constitution, form of government, and usages of the Presbyterian Church in the United States of America, and that according to these, the members of a church not under censure, may rightfully, by agreement, take a vote as to their adherence or non-adherence to a particular presbytery; and that if the majority of the members of a church in such case vote not to adhere to a particular presbytery that they have been connected with, after that fact is made known to the presbytery, the usage is to strike the name of the church from the rolls of presbytery, and the connection ceases.

These depositions were offered in evidence, and were excluded by the court, and the defendants excepted.

The court decreed in favor of the complainants as trustees, and gave them possession of the property in controversy.

The defendants surrendered possession, and bring the case up on stipulation to enter appearance.

Errors assigned:

That the court below erred in excluding the depositions of McMillan, Sanders, Gallaher, and King.

The court below erred in decreeing in behalf of the defendants in error.

The court below erred in not dismissing the bill of the said defendants.

D. A. AND T. W. SMITH, for Plaintiffs in Error.

M. McCONNEL, and I. J. KETCHUM, for Defendants in Error.

CATON, C. J. We are urged to review the decision made when this case was previously before the court. And inasmuch as the questions involved are of general interest to the churches in the State, we have deemed it our duty to carefully examine the facts, as well as the law arising upon the record, lest in the press of business under which that decision was made, we might have been mistaken in the conclusion then announced. In again examining the record, we find by mistaking a date, we supposed that the parties whom the plaintiffs in error represent, had, after the separation occurred, united themselves to a different body of Christians. The answer, however, discloses the fact, that the church had, previously to its connection with the Sangamon Presbytery, been united with the Illinois Presbytery, a different church organization, which we inadvertently supposed was their connection. The evidence shows that, by consent of the members of the church, a vote was taken, to determine whether the church would continue or withdraw its connection with the presbytery, which resulted in favor of withdrawal.

Since that time, the majority thus voting for withdrawal, insist that they are the church, and, as such, are entitled to the property. They deny the authority of the presbytery, and insist they are a complete independent organization. We, in the former opinion, held, that in the absence of proof to the contrary, a church must be presumed, after it has attached itself to the general organization, to have no right to sever the connection, unless by mutual consent, and that any portion of its members who continued to hold the tenets, and conform to the usages and authority of the general organization of the body, must be recognized as the church, and entitled to its property and effects. In the record as it was then

presented to the court, there was no evidence of usage of the church, or the law of its organization, and such of course could not be considered in deciding the case. To entitle such law of the church to consideration, they must be proved as facts, whilst on the other hand, we know that one of the objects in the formation of all such bodies, is to render them permanent, and if there is an exception it must be shown. We may also notice the fact, that in their general organization, members, with officers, compose a church, and in this organization, a number of churches may compose a presbytery, and a number of presbyteries compose a synod, and all the synods compose the general assembly. And as none of these bodies can be formed except by agreement, the presumption would be, in the absence of evidence, that the connection could only be dissolved by consent.

After a careful review of all the adjudged cases, believed to throw any light on this question, and mature reflection to the extent of the time at our disposal, we are fully convinced that, unless the law of its organization, its government and usages, authorize a withdrawal from the general organization, its consent must be obtained, or those adhering to its tenets and submitting to its authority, in a divided church, will be regarded as composing the church, and entitled to all of its rights and privileges. We therefore see no reason to change or modify the rule there announced.

But this record presents evidence, on the question of the right of a church, under the constitution, government and usages of the Presbyterian Church of the United States of America, to withdraw from its presbytery without consent. This evidence was taken after the cause was remanded, but the court below, and the counsel of the defendants in error, seem to have understood our former opinion as holding the presumption conclusive, and the evidence was consequently rejected. The opinion is perhaps susceptible of such a construction, but it was not the design of the court to so announce the rule. The mode of argument on the trial in this court seems to indicate that the opinion was so understood. If the right to withdraw by a church at pleasure does exist, according to the constitution, government and usages of the general organization, it must be proved as a fact, and, like any other, must depend upon the evidence adduced on the trial.

This additional evidence, when considered in connection with the fact that the vote was had with the consent of the members of the church, and does not appear to have been protested against by any portion of the body, or appealed from, becomes material to the decision of the cause. It, there-

fore, should have been heard and considered by the court in forming the decree. If this evidence, as it purports to do, gives the constitution, government and usages of the church correctly, on this question, this church had the right, by general consent, to submit the question whether it would further adhere to its connection with the presbytery, or dissolve its relations with that body, and become an independent organization, taking with it all the rights of property it enjoyed at the time, if the decision should be in favor of separation. And so far as we can see, the mode adopted by the church was in accordance with the right, as shown by the evidence. And if so, the action of the church was regular, and the vote of the majority, unreversed by the action of the higher judicatories of the body, had the effect to render the church independent of that organization, and, by its withdrawal, they took all the rights and property of the church. The evidence in the record as it now appears, seems to establish this fact, and if so, the action of the minority was irregular and unwarranted, and by it they acquired no rights. But inasmuch as the counsel for the defendants in error seem to have acted under a misapprehension of what we designed to decide by the former opinion, and may have been prevented from taking further evidence, and from cross-examining the witnesses, instead of rendering a decree on the evidence, we shall reverse and remand the cause for further proceedings, that the parties may have the opportunity of being heard on all legitimate evidence they may see proper to adduce on another trial.

The decree is reversed, and the cause remanded.

*Decree reversed.*